■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER LEE JOHNSON, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered May 22, 1974, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree. Defendant was indicted, tried and convicted for criminal sale of a controlled substance in the third degree. He received an indeterminate sentence with a maximum term of life imprisonment and a minimum term of imprisonment of four years. On this appeal defendant raises two issues. He maintains that the mandatory maximum sentence of life imprisonment for the illegal sale of methadone constitutes cruel and unusual punishment and, consequently, subdivision 2 of section 70.00 of the Penal Law is unconstitutional. Secondly, he contends that the trial court's refusal to grant a continuance to enable defendant's attorney to further prepare for trial was an abuse of discretion. As for the first issue, most of the arguments urged by defendant for reversal were rejected in *People v Venable* (37 NY2d 100, affg 46 AD2d 73). Furthermore, we are not persuaded by defendant's additional argument that since

methadone, unlike heroin, produces no euphoria or high and is less danger-
ous, its illegal sale should not receive the same punishment as the illegal
sale of heroin. The reasons advanced by defendant to sustain his second
contention also lack merit. The record demonstrates that defendant's coun-
sel had approximately two weeks' notice that the trial would commence on
April 15, 1974; that counsel had the desired transcript of a codefendant's
trial some three days before trial; that the testimony of the unavailable
witness was admittedly cumulative and, in any event, defendant made no
effort to take his testimony. From an examination of the record in its
entirety, we conclude that defendant had a fair trial and we should not
disturb the jury's verdict. Judgment affirmed. Herlihy, P. J., Sweeney, Kane,
Main and Larkin, JJ., concur.